# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
USAA CASUALTY INSURANCE COMPANY, a Texas Corporation, and DOES 1 through 50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JAMES E. BARRINGTON, KRISTINE BARRINGTON,

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| ELECTRONICALLY FILED |
| 9/7/2023 8:20 AM |
| Superior Court of California |
| County of Mendocino |
| By: |
| John Lozano |
| Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Mendocino<br>100 North State Street<br>Ukiah, California  95482-4416 | CASE NUMBER:<br>*(Número del Caso):*  23CV00849 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Joel Gumbiner 111586
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Williams & Gumbiner LLP                                    Kim Turner
1010 B Street, Suite 200, San Rafael, CA 94901                                              415-755-1880

| DATE:<br>*(Fecha)* | 9/7/2023 | Clerk, by<br>*(Secretario)* | | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: USAA Casualty Insurance Company, a Texas Corporation

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*: 12/20/23

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100  [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder™ |
|---|---|---|

Joel P. Gumbiner (111586)
Bartlett H. Williams (333908)
WILLIAMS & GUMBINER LLP
1010 B Street, Suite 200
San Rafael, CA 94901
(415) 755-1880
joel@insuredlaw.com
bwilliams@williamsgumbiner.com

Attorneys for Plaintiff

ELECTRONICALLY FILED
9/7/2023 8:20 AM
Superior Court of California
County of Mendocino

By:
John Lozano
Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF MENDOCINO

| | |
|---|---|
| JAMES E. BARRINGTON, KRISTINE BARRINGTON<br><br>Plaintiff,<br><br>vs.<br><br>USAA CASUALTY INSURANCE COMPANY, a Texas Corporation, and DOES 1 through 50,<br><br>Defendants. | Case No:     23CV00849<br><br>**COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; REQUEST FOR JURY TRIAL** |

## PRELIMINARY ALLEGATIONS

1.    At all relevant times, Plaintiffs were the owners of the real property located at 480 Fircrest Drive, Ukiah, California (the "Property").

2.    Defendant USAA CASUALTY INSURANCE COMPANY and Does 1-25 (collectively "USAA" or "Insurers") are and were businesses engaged in, but not limited to, the marketing, issuing, underwriting, selling, billing, adjusting and issuing insurance policies and payments of insurance benefits pursuant to California law, and thus providing homeowners insurance coverage for homeowners in California such as and specifically including Plaintiff.

3.    Insurers issued policy #CIC 04757 09 26 81A, for policy period June 4, 2021 through June 4, 2022 ("Policy") to plaintiffs.

4.      Defendant Insurers were corporations and/or business entities licensed and/or authorized to conduct the business of insurance in the State of California where the subject insurance Policy was issued, the Property was located, the claim was handled, and where the alleged conduct by Defendant Insurers occurred.

5.      Plaintiffs do not know the true names and/or capacities, whether individuals, corporations, or entities sued herein as Does 1 through 50, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiffs pray leave to amend this complaint to show their true names and capacities when ascertained. Plaintiffs are informed and believes that each of Defendants designated herein as Does 1 through 50 is responsible in some manner for the events herein alleged and has proximately caused damages to Plaintiffs as hereinafter alleged.

6.      Each Defendant named in this complaint is an agent, representative, and/or joint venturer with each other Defendant and, at all relevant times, as pleaded herein, was acting within the course and scope of such agency, representation, and/or joint venture.

7.      On or about, July 31, 2021, persons unknown, but possibly former tenants, vandalized Property. Among other things, vandals ripped and physically cut the main sewer pipe out of the wall with resulting sewage and water damage, destroyed garage doors/ceilings/water heater/circulation pumps, vandalized doors/floors/cabinetry/stone countertops/walls/pool and pool equipment/heater/hot water pumps/lights/chandeliers/appliances/ railings/bathrooms/bedrooms and almost all rooms in the house including the outside kitchen and entertainment area. The vandals also damaged or destroyed exterior amenities on Property including a basketball court, driveway, garden boxes and hundreds of trees and landscaping on the property.

8.      Plaintiffs made claim for over $560,000 in measured damage to the dwelling itself based on estimates and actual repairs made by plaintiffs in late 2021 and throughout 2022. USAA acknowledged coverage and paid only $171,000. USAA has been adjusting the claim and has made payments through approximately May 2022.

9.      Thereafter, in 2023, Plaintiffs submitted substantial documentation to support the more than $560,000 loss to their Dwelling and Exterior Structures. As recently as June 2023,

1    USAA promised to respond to the claim and all documentation submitted however, there has been

2    no response as promised.

3

**FIRST CAUSE OF ACTION**
(Breach of Contract)
*Against Defendant Insurers*

6        As and for a separate and distinct first cause of action, Plaintiffs complain against Defendant

7    Insurers, and allege:

8        10.    Plaintiff realleges and incorporates by reference each and every allegation of

9    Paragraphs 1 through 9, inclusive, herein.

10       11.    At all times relevant, Plaintiff was insured under the Policy and the Policy was

11   intended to cover, among other things, vandalism losses to Property including, but not limited to,

12   damage to the Dwelling (house) on Property, Other Structures, Fair Rental Value, trees and shrubs.

13       12.    As set out herein, Plaintiffs' claims are covered under the terms of Policy.  However,

14   Defendant Insurers have refused to pay Plaintiffs' claims despite documented proof of the amount of

15   Plaintiffs' claims having been submitted.

16       13.    Defendant Insurers' failure and refusals to pay Plaintiffs the benefits owed under the

17   Policy constitute material breaches of express and implied provisions and covenants in the Policy.

18       14.    As a direct, legal and proximate result of said breaches and the conduct of Defendant

19   Insurers as alleged herein, Plaintiffs have incurred, and are owed by Insurers contractual, general,

20   special, and consequential damages in an amount according to proof, but in excess of $560,000 as

21   well as other consequential damages including, but not limited to, prejudgment interest, according to

22   law on amounts owing.

23

24       WHEREFORE, Plaintiffs pray for judgment against the Defendants named in this cause of

25   action, and each of them, as hereinafter set forth.

26

27

28

3

Complaint

**SECOND CAUSE OF ACTION**
(Breach of the Covenant of Good Faith and Fair Dealing)
*Against Defendant Insurers*

As and for a separate and distinct second cause of action, Plaintiffs complain against Defendant Insurers, and each of them, and allege:

15.   Plaintiffs reallege and incorporate by reference each and every allegation of Paragraphs 1 through 14, inclusive, herein.

16.   At all relevant times, Insurers had an obligation under the law of California and the insurance Policy to act in good faith and deal fairly with Plaintiffs.  Insurers thereby assumed special fiduciary-like obligations to Plaintiffs, and agreed to abide by such duties in the event of loss to covered property during the Policy period.  Nevertheless, Insurers refused and failed to act in good faith or deal fairly with Plaintiffs and breached their fiduciary-like obligations, as is set forth herein. Defendant Insurers' denial of benefits was erroneous, without merit, in violation of California law, and put Insurers' financial interests above those of Plaintiffs, its insureds.

17.   As set out herein, Defendant Insurers have engaged and continue to engage in a course of conduct to further their own economic interest and in violation of their legal, contractual, and fiduciary-like obligations to Plaintiff, including, but not limited to;

    a.   Unreasonable, wrongful and erroneous interpretations of the insurance Policy and Policy language under applicable law to avoid payment of the claim;

    b.   Unreasonable and improper investigation and handling of Plaintiffs' claim;

    c.   Failure to timely respond to communications and requests from Plaintiffs; and

    d.   Wrongful interpretation of evidence and facts to avoid payment of the claim.

18.   As a direct, legal and proximate cause of Insurers' breaches as alleged herein, Plaintiffs have sustained damage, and will continue to incur, damages including but not limited to loss of insurance benefits, prejudgment interest, costs and attorneys' fees in obtaining the recovery of insurance benefits and other damages according to proof, but well in excess of $560,000.

19.   On information and belief, such conduct by Defendant Insurers was part of a larger pattern and practice of conduct involving the claims of other similarly situated insured prior to this

1    insured's losses and up to the present.  On information and belief, the conduct of Defendant Insurers

2    as alleged herein took place, at least in part, in the County of Mendocino.

3         20.    On information and belief, Insurers' conduct, as alleged herein, was improper, in

4    violation of California law, and undertaken to deprive Plaintiffs of covered insurance benefits.

5         21.    Defendant Insurers' conduct as set out herein was despicable and Insurers pursued

6    said course of conduct intentionally with oppression, fraud and/or malice, in conscious disregard of

7    the rights of Plaintiff and in furtherance of Insurers' own economic interest at the expense of

8    Plaintiff's interests.  Therefore, Plaintiffs pray exemplary and/or punitive damages be awarded

9    according to proof as allowed by law.

10

11        WHEREFORE, Plaintiffs pray judgment against Defendants named in this cause of action,

12   and each of them, as hereinafter set forth.

13

14                                          **PRAYER**

15   Plaintiffs prays for judgment against Defendants, and each of them, as follows:

16        1.     For trial by jury;

17        2.     For contractual, general, special, and consequential damages according to proof;

18        3.     For Plaintiffs' reasonable attorneys' fees to obtain insurance policy benefits from

19   Insurers, to be determined by the Court after trial;

20        4.     For prejudgment interest on amounts owing by Defendants;

21        5.     For exemplary and punitive damages against Defendant Insurers in a sum according

22   to proof at trial;

23        6.     For costs and expenses of suit, according to proof; and,

24        7.     For such other and further relief as the court may deem just and proper.

25

26   DATED:  September 5, 2023                 WILLIAMS & GUMBINER LLP

27                                            _____

28                                            JOEL P. GUMBINER
     Attorneys for Plaintiff/G:\CLIENT DOCUMENTS\Barrington, Jay\Litigation\Complaints and Answers\2023-9-5 Barrington Complaint draft - FINAL.docx

                                                5

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Joel Gumbiner 111586; Bartlett Williams 333908       SBN:<br>Williams & Gumbiner LLP<br>1010 B Street, Suite 200, San Rafael, CA 94901 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 415-755-1880       FAX NO. *(Optional):*<br>E-MAIL ADDRESS: Joel@insuredlaw.com Bwilliams@williamsgumbiner.com<br>ATTORNEY FOR *(Name):* Jay Barrington and Kristine Barrington | **ELECTRONICALLY FILED**<br>9/7/2023 8:20 AM<br>Superior Court of California<br>County of Mendocino |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MENDOCINO
STREET ADDRESS: 100 North State Street
MAILING ADDRESS: 100 North State Street
CITY AND ZIP CODE: Ukiah, 95482-4416
BRANCH NAME: Main Courthouse, Ukiah Branch

By:
John Lozano
Deputy Clerk

CASE NAME: Barrington v. USAA

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 23CV00849 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | [ ] Other collections (09)<br>[X] Insurance coverage (18) | [ ] Mass tort (40)<br>[ ] Securities litigation (28) |
| [ ] Asbestos (04)<br>[ ] Product liability (24) | [ ] Other contract (37)<br>**Real Property** | [ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33)<br>[ ] Other real property (26) | **Enforcement of Judgment**<br>[ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13)<br>[ ] Fraud (16) | [ ] Commercial (31)<br>[ ] Residential (32) | [ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19)<br>[ ] Professional negligence (25) | [ ] Drugs (38)<br>**Judicial Review** | **Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35)<br>**Employment** | [ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel       e. [ ] Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve           courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence               court
                                                          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* Two
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 5, 2023

Joel Gumbiner 111586; Bartlett Williams 333908
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                                 **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract *(not unlawful detainer
     or wrongful eviction)*
   Contract/Warranty Breach–Seller
     Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
     Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
     domain, landlord/tenant, or
     foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case
     Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
     County)
   Confession of Judgment *(non-
     domestic relations)*
   Sister State Judgment
   Administrative Agency Award
     *(not unpaid taxes)*
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment
     Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
     harassment)*
   Mechanics Lien
   Other Commercial Complaint
     Case *(non-tort/non-complex)*
   Other Civil Complaint
     *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
     Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
     Claim
   Other Civil Petition