JOSHUA N. KASTAN (SBN 284767)
JNK@dkmlawgroup.com
JESSICA J. ROSS (SBN 313988)
JJR@dkmlawgroup.com
**DKM LAW GROUP, LLP**
535 Pacific Avenue, Suite 101
San Francisco, CA 94133
Telephone:   (415) 421-1100
Facsimile:    (833) 790-5202

Attorneys for Defendant,
USAA CASUALTY INSURANCE COMPANY

IN UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JAMES E. BARRINGTON, KRISTINE BARRINGTON,<br><br>Plaintiffs,<br><br>vs.<br><br>USAA CASUALTY INSURANCE COMPANY, a Texas Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 3:24-cv-00276<br><br>**DEFENDANT USAA CASUALTY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>**JURY TRIAL DEMANDED** |

Defendant USAA Casualty Insurance Company ("USAA CIC" or "Defendant"), hereby answers Plaintiffs James E. Barrington and Kristine Barrington ("Barringtons" or "Plaintiffs") Complaint as follows:

**PRELIMINARY ALLEGATIONS**

1. Answering the allegations of paragraph 1, this answering Defendant admits Plaintiffs have represented they are the owners of the real property located at 480 Fircrest Drive, Ukiah, California (the "Property").

2. Answering the allegations of paragraph 2, this answering Defendant admits that it is a Texas corporation, licensed to conduct insurance business in the State of California, with its

principal place of business in San Antonio, Texas. As to those allegations regarding defendants other than this answering Defendant, no response is required and Defendant further lacks sufficient knowledge and information to provide a response.

3.      Answering the allegations of paragraph 3, this answering Defendant admits that Plaintiffs were the named insureds under a rental property insurance policy issued by USAA CIC, policy no. CIC 04757 09 26 81A, effective as amended from June 4, 2021 through June 4, 2022 ("Policy") regarding the residence premises located at the Property.

4.      Answering the allegations of paragraph 4, this paragraph sets forth legal theories, conclusions, or arguments such that no response is required. To the extent a response is required, this answering Defendant admits it is a Texas corporation licensed to do business in the State of California and that the Property was located in California. Except as admitted, Defendant denies the allegations as phrased.

5.      Answering the allegations of paragraph 5, this paragraph sets forth legal theories, conclusions, or arguments such that no response is required. To the extent a response is required, this answering Defendant denies the allegations as phrased.

6.      Answering the allegations of paragraph 6, this paragraph sets forth legal theories, conclusions, or arguments such that no response is required. To the extent a response is required, this answering Defendant denies the allegations as phrased.

7.      Answering the allegations of paragraph 7, this answering Defendant admits Plaintiffs represented to Defendant that a loss occurred at the Property on or about July 31, 2021 which Plaintiffs represented was caused by former tenants ("Loss"). Except as admitted, this answering Defendant denies the allegations as phrased.

8.      Answering the allegations of paragraph 8, this answering Defendant admits Plaintiffs initiated a claim for benefits under the Policy following the Loss, and that Defendant has issued payment for certain amounts subject to the Policy's terms, conditions, limitations, and exclusions.

9.      Answering the allegations of paragraph 9, this answering Defendant admits Plaintiffs submitted certain documents and information in 2023. This answering Defendant denies the remainder of the allegations as phrased.

**FIRST CAUSE OF ACTION**
(Breach of Contract)
*Against Defendant Insurers*

10. Answering the allegations of paragraph 10, as this paragraph merely incorporates prior allegations, no response is required. To the extent a response is deemed required, Defendant reasserts its above-alleged responses.

11. Answering the allegations of paragraph 11, this answering Defendant admits Plaintiffs are named insureds under the Policy, and that the Policy's terms, conditions, limitations, and exclusions speaks for themselves. Except as admitted, this answering Defendant denies the allegations as phrased.

12. Answering the allegations of paragraph 12, this answering Defendant denies the allegations as phrased.

13. Answering the allegations of paragraph 13, this answering Defendant denies the allegations as phrased.

14. Answering the allegations of paragraph 14, this answering Defendant denies the allegations as phrased.

**SECOND CAUSE OF ACTION**
(Breach of the Covenant of Good Faith and Fair Dealing)
*Against Defendant Insurers*

15. Answering the allegations of paragraph 15, as this paragraph merely incorporates prior allegations, no response is required. To the extent a response is deemed required, Defendant reasserts its above-alleged responses.

16. Answering the allegations of paragraph 16, this answering Defendant denies the allegations as phrased.

17. Answering the allegations of paragraph 17 and each of its subparts, this answering Defendant denies the allegations as phrased.

18. Answering the allegations of paragraph 18, this answering Defendant denies the allegations as phrased.

19. Answering the allegations of paragraph 19, this answering Defendant denies the

allegations as phrased.

20.   Answering the allegations of paragraph 20, this answering Defendant denies the allegations as phrased.

21.   Answering the allegations of paragraph 21, this answering Defendant denies the allegations as phrased.

**PRAYER FOR RELIEF**

Answering Plaintiffs' Prayer for Relief, and all its subparts, this answering Defendant denies that Plaintiffs are entitled to any of the relief requested and avers Plaintiffs should receive nothing by their Complaint.

**AFFIRMATIVE DEFENSES**

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that the sole and proximate cause of the circumstances and events complained of by Plaintiffs in their Complaint was due to the acts or omissions of persons and entities other than this answering Defendant.

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that the damages allegedly sustained by Plaintiffs were either wholly or in part caused by persons and entities other than this answering Defendant. Such negligence or other actionable conduct was an intervening and superseding cause of the damages, injuries, and losses, if any there were, for which Plaintiff complains.

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that the insurance policy at issue in the Complaint afforded no further

coverage or benefits, or that any further coverage or benefits were barred, in whole or in part, by the terms, conditions, limitations, and exclusions in the Policy.

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that its actions have been consistent with and pursuant to its rights and obligations under the terms, conditions, limitations in the Policy and that it acted reasonably and in good faith.

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that any claims by Plaintiffs against this answering Defendant are subject to the limits of liability and all terms, conditions, limitations, and exclusions of the Policy, as it was in effect on the date of the loss, as well as subject to any other legal or policy defenses this answering Defendant may have.

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that at all times and places mentioned in the Complaint herein, Plaintiffs failed to mitigate the amount of their damages. The damages claimed by Plaintiffs could have been mitigated by due diligence on their part or by one acting under similar circumstances. Plaintiffs' failure to mitigate is a bar to their recovery under the Complaint.

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that Plaintiffs should be barred from alleging the matters set forth in the Complaint by the doctrine of laches.

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that Plaintiffs failed to meet their obligations and duties under the Policy, including but not limited to failing to provide records, documents, and other information

relative to their insurance claim to Defendant and in failing to fully cooperate with Defendant's investigation of the claim by prematurely filing the instant action.

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that the Complaint fails to state facts sufficient to constitute a claim for punitive or exemplary damages.

AS A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that Plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages, violates this answering Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of California, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

AS AN TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that Plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages, violates this answering Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and violates this answering Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that this answering Defendant presently may have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available, and accordingly this answering Defendant reserves the right

to assert additional affirmative defenses in the event that discovery indicates that such additional affirmative defenses would be appropriate.

WHEREFORE, Defendant USAA CIC prays for judgment as follows:

    1.    That Plaintiffs take nothing by their Complaint;

    2.    For an award of costs and disbursements herein; and

    3.    For such other and further relief as the Court deems proper.

Dated:  January 23, 2024        **DKM LAW GROUP, LLP**

By:  */s/Joshua N. Kastan*
JOSHUA N. KASTAN
JESSICA J. ROSS
Attorneys for Defendant
USAA CASUALTY INSURANCE COMPANY